UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RAYMOND SIMMONS | CIVIL ACTION NO. 06-0200 |
| versus | JUDGE STAGG |
| SENATOR MAX MALONE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Raymond Simmons ("Plaintiff") is a frequent filer of frivolous litigation. Multiple warnings and small sanctions did not deter Plaintiff from pressing such actions, and the court eventually ran out of patience for Plaintiff's frivolous complaints, waste of judicial resources and the requirement that local governments and public officials waste taxpayer money defending the claims. Judge Hicks dismissed Plaintiff's most recent action as frivolous and imposed a Rule 11 monetary sanction of $2,500. He also revoked Plaintiff's pauper status. See Raymond Simmons v. Magistrate Judge Payne, et al., 04 CV 2117, Doc. 34. There is no indication that Plaintiff has paid the sanction, but his appeal to the Fifth Circuit is pending.

Plaintiff, stripped of his pauper status, paid the $250 filing fee associated with this civil action. The action arises from Plaintiff's failed attempt to run for a Shreveport city council seat. A voter filed a challenge to Plaintiff's candidacy, based on Plaintiff's felony conviction and a state law that bars many felons from elective office, and the state courts held

that Plaintiff was disqualified. The issue was fully litigated throughout the Louisiana judicial system. Plaintiff now asks the federal court to overturn that decision.

It is recommended, for the reasons that follow, that (1) this action be dismissed and (2) that the Clerk of Court be ordered to decline to accept and file any civil complaint submitted pro se by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed.

**The State Court Proceedings**

Plaintiff's complaint, lengthy attachments and reported decisions set forth the facts surrounding the state court proceedings. Plaintiff qualified as a candidate for a city council seat, but a registered voter in the district filed a proceeding in state court that asked to disqualify Plaintiff based on Article 1, Section 10 of the Louisiana Constitution. Section 10 provides that a person shall not be permitted to qualify as a candidate for elective public office if he has been convicted of a felony and has not afterwards "been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced." Plaintiff pled guilty to second degree battery in 1992 and had not received a gubernatorial pardon.

The state courts held that Plaintiff and two other convicted felons were disqualified as city council candidates. See Malone v. Tubbs, 825 So.2d 585 (La. App. 2d Cir. 2002).

Plaintiff later applied to the Supreme Court of Louisiana for a discretionary writ, but the court rejected the application as untimely and then denied reconsideration. See Reeh v. Shyne, 882 So.2d 1147 & 885 So.2d 1133 (La. 2004).

Plaintiff has filed with this court a document that indicates he received an automatic first-offender pardon in 1994. The state court found that Plaintiff had not obtained either an automatic pardon or a full pardon granted by the governor. See Malone, 825 So.2d at 589. But a disqualification would have nonetheless been ordered even if Plaintiff had established an automatic pardon. The state courts held in the same proceeding that candidate Tubbs was not eligible to run despite his receipt of an automatic first-offender pardon, concluding that state law required a gubernatorial pardon.

Plaintiff alleges in his federal complaint that the state appellate court "erroneously interpreted or applied the Constitution or a law of this state or the United States" and that this federal court should exercise its purported "supervisory authority" to correct the erroneous state court decision. Plaintiff names as defendants the citizens who filed the disqualification action, the state district court, the clerk of court, the state appellate court, three appellate court judges, the Supreme Court of Louisiana, and all seven members of the state's high court. Plaintiff also names as defendants his attorney in the state court proceedings, a local preacher who allegedly recommended the attorney, and the Probation and Parole Division of the Louisiana Department of Public Safety and Corrections.

**Rooker-Feldman Doctrine**

At the heart of Plaintiff's complaint is his request that the federal court correct what Plaintiff perceives as errors in the state court litigation. The Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify or nullify final orders of state courts. Union Planters Bank v. Salih, 369 F.3d 457 (5th Cir. 2004); Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). If a state court or tribunal errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse to the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court. Id. See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").

The Supreme Court recently described the doctrine as applying to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517, 1521-22 (2005). Plaintiff's complaint presents precisely the kind of case to which the Rooker-Feldman doctrine applies, so this federal court lacks jurisdiction to hear what is essentially an appeal from the fully litigated state-court decision.

*Res Judicata*

Plaintiff's attempt to relitigate the state court case in this federal forum also faces an obvious *res judicata* defense. A federal court considering the preclusive effect of a state court judgment must look to the preclusion law of the state in which judgment was rendered. St. Paul Mercury v. Williamson, 224 F.3d 425, 436 (5th Cir. 2000). The relevant Louisiana law is La.R.S. 13:4231. The Fifth Circuit has examined that statute and held that a Louisiana court's judgment bars a later federal suit only if: (1) the judgment is valid; (2) the judgment is final; (3) the parties to the two actions are the same; (4) the cause of action asserted in the federal suit existed at the time of the prior state court judgment; and (5) the cause of action asserted in the federal suit arose out of the transaction or occurrence that was the subject matter of the state court litigation. Lafreniere Park Foundation v. Broussard, 221 F.3d 804, 809 (5th Cir. 2000). The doctrine applies only if "all essential elements are present and established beyond all question." Id. This defense is obviously applicable to the claims against the defendants who were parties to the state-court action and the defendants who are in privity with those parties.

**Judicial Immunity**

Plaintiff has named as defendants the trial court, appellate court, Supreme Court and several individual judges and justices. Judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 98 S.Ct. 1099 (1978). Acts are

judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). In this case, the conduct challenged by plaintiff unequivocally falls within a judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, Plaintiff's claims against the various state judicial authorities are barred by immunity and are frivolous.

**Clerk of Court Immunity**

Plaintiff complains that the state clerk of court knew about Plaintiff's first-offender pardon certificate and should have filed the certificate in the record of the proceedings in which the conviction was obtained. Plaintiff complains that the clerk failed to do so, requiring Plaintiff to travel to the probation office and retrieve a copy of the document. Plaintiff also complains that the clerk issued a subpoena that was not signed as required by state law.

A clerk of court enjoys absolute immunity from actions for damages arising from acts the clerk is specifically required to do under court order or at a judge's direction. The clerk enjoys qualified immunity for those routine duties not explicitly commanded by a court decree or by a judge's instructions. Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980). To the extent an actionable claim against the clerk can be discerned from the complaint, the clerk is entitled to dismissal of the claims based on qualified immunity.

**Other Issues; *Sua Sponte* Dismissal**

There are other issues and defenses that are fatal to Plaintiff's claims against the several defendants. For example, the Eleventh Amendment likely precludes any Section 1983 or state law action in federal court against the Probation and Parole Division or the state courts. There is no diversity of citizenship between Plaintiff and the defendants, and defendants such as Dr. Cash and attorney Larry English are not state actors who are susceptible to claims under Section 1983. There are other problems with Plaintiff's complaint, but the several discussed herein are more than sufficient to warrant *sua sponte* dismissal of the entire complaint.

"A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (*sua sponte* invocation of defense in Report and Recommendation satisfied due process).

**Sanctions**

Plaintiff's history of multiple, frivolous filings, undeterred by several warnings and prior sanctions, warrants additional measures to avoid more waste of taxpayer funded resources. A summary of Plaintiff's litigation history demonstrates the need for additional deterrent measures.

Plaintiff's first civil action filed in this court was <u>Simmons v. City of Shreveport</u>, 99 CV 743, in which Plaintiff complained that his inoperable van was towed by city officials without justification. Simmons claimed that he was living in the van after a house fire at his home. The case was dismissed as frivolous based on the <u>Paratt-Hudson</u> doctrine, and the Fifth Circuit dismissed an appeal because the notice was not timely filed.

Plaintiff returned in <u>Simmons v. Code Enforcement</u>, 00 CV 686, which was based on the identical facts and circumstances that formed the basis for the first suit. The complaint was dismissed as frivolous because it was barred by *res judicata*. The Fifth Circuit dismissed an appeal as frivolous and issued this warning: "Because of Simmons's continuing frivolous relitigation of the same claims, we caution Simmons of this court's authority to impose sanctions upon parties who take frivolous appeals." Plaintiff filed a petition for certiorari in the Supreme Court, but it was denied.

Plaintiff had, however, already filed a third suit, <u>Simmons v. Twin City Towing</u>, 00 CV 2595. He again complained about the towing of his van, which he said he had been in the midst of restoring so that he could travel and attend law school. The claims were dismissed based on *res judicata* and prescription, and Plaintiff was warned that if he filed any additional frivolous complaints concerning the towing of his van, his pauper status could be revoked and he could be ordered to pay monetary sanctions pursuant to Rule 11. The Fifth Circuit again dismissed an appeal as frivolous and again cautioned Plaintiff that it could impose sanctions for a frivolous appeal. Plaintiff's petition for certiorari was denied.

Plaintiff's fourth case was <u>Simmons v. Dept. of Community Development</u>, 01 CV 917. The complaint focused on Plaintiff's claims that city officials were unfair in handling his request for a grant to remodel his home. The complaint did not focus on the towing of Plaintiff's van, so Magistrate Judge Payne did not recommend sanctions, but he did state: "Plaintiff is now warned that if he files another complaint that is found to be frivolous, to run afoul of F.R.C.P. 11, or to otherwise merit sanctions, sanctions will be recommended and Plaintiff will likely be ordered to pay an amount of money large enough to deter him from filing frivolous suits. He may also be denied pauper status in future cases." Judge Walter adopted the recommendation, and Plaintiff appealed. The Fifth Circuit dismissed the appeal as frivolous, noted the prior warnings, and ordered Plaintiff to pay a sanction of $105, which Plaintiff did pay.

Plaintiff then filed <u>Simmons v. Magistrate Judge Payne</u>, 04 CV 2117 which named as defendants Magistrate Judge Payne, Judge Walter, Judge Stagg, all judges of the Fifth Circuit, the Fifth Circuit Clerk of Court, the Clerk of the Supreme Court, the Attorney General, the Solicitor General, the Governor of Louisiana, and several other state and federal legislators and officials. The towing of the van was once again at the center of the lawsuit. Magistrate Judge Kirk recommended that the case be dismissed as frivolous, that Plaintiff's pauper status be revoked, and that a $5,000 sanction be imposed. Judge Hicks reduced the sanction to $2,500, but otherwise adopted the recommendation. That judgment is on appeal.

Plaintiff paid the $250 fee to file this complaint, so the revocation of pauper status has demonstrably failed to deter Plaintiff from pursuing frivolous litigation. A stronger measure

is in order. Every paper filed with a court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interests of justice. Martin v. Dist. of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992). Allowing Plaintiff to continue to consume the court's resources with frivolous filings delays justice for other citizens who have business before the court and does not promote the interests of justice.

A court "may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice." Goldgar v. Office of Administration, 26 F.3d 32, 36 n. 3 (5th Cir. 1994). Among the available sanctions is a requirement that a litigant "obtain judicial pre-approval of all future filings." Id. This court has rarely ordered such a drastic sanction, but the sanction has sometimes been found to be the only way to stop a persistent filer of frivolous litigation. See, e.g. Raz v. Storey, 99 CV 1850, Doc. 282. The order requiring pre-approval in Raz ended a string of frivolous actions filed by a pro se plaintiff that had needlessly wasted hundreds of hours of work by judges and chambers employees. Similar action is appropriate in this case to avoid more wasted resources required by Plaintiff's frivolous complaints, which he will almost certainly continue to file absent strong preventive measures. Plaintiff has established a litigation history that demonstrates that a lesser sanction will not be sufficient to deter his frivolous filings.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction as required by the Rooker-Feldman Doctrine or, in the alternative, the several other grounds cited in the report and recommendation.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered to decline to accept and file any civil complaint submitted pro se by Raymond Simmons unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 6th day of March, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE